IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**COMMODORE JACKSON, # R59842,**

        Petitioner,

   vs.                                     Case No. 13-cv-00657-DRH

**DONALD GAETZ,**

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in the Pinckneyville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his 2011 conviction for aggravated battery of a pregnant person.[1]

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

---

[1] On July 19, 2013, Jackson filed a second, presumably amended petition (Doc. 5). Petitioner did not seek leave of Court but, consistent with Fed.R.Civ.P. 15(a)(1)(A), amendment will be allowed. Consequently, the amended petition (Doc. 5) supersedes the original petition (Doc. 1).

It is not clear that petitioner has exhausted his state court remedies relative to all arguments, as required under 28 U.S.C. §§ 2254(b)(1), (2) and (c). However, there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, respondent Gaetz will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later

than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Signed this 29th day of July, 2013.**

Digitally signed by David R. Herndon
Date: 2013.07.29 13:16:46 -05'00'

**Chief Judge**
**United States District Court**