IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COMMODORE JACKSON,

        Petitioner,

vs.

                                  Case No. 13-cv-657-DRH-CJP

TOM SPILLER,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on respondent's motion to dismiss without prejudice. (Doc. 16).

Commodore Jackson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on July 10, 2013. (Doc. 1). He amended his petition on July 19, 2013. (Doc. 5). The Court noted in its Order on preliminary review (Doc. 7), that it was unclear whether petitioner had exhausted his state court remedies. Because it is now clear that state court remedies have not been exhausted, the motion must be granted.

## Relevant Facts

In his amended habeas petition, Jackson says that he was convicted of aggravated vehicle "hi-jacking" and possession of a stolen motor vehicle. However, according to the exhibits filed by respondent at Doc. 17, he was actually convicted of aggravated battery of a pregnant woman.

Jackson represented himself at trial. The Office of the State Appellate

Defender represented him on direct appeal. Doc. 17, Ex. B. His direct appeal was denied on August 13, 2012. Ex. A. Jackson filed a pro se PLA, which was denied on November 28, 2012. Ex. F.

While his direct appeal was pending, Jackson filed a pro se petition for postconviction relief on May 31, 2012. It was denied on July 27, 2012. The Office of the State Appellate Defender was appointed to represent him on appeal in August, 2012. Counsel moved for leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), in October, 2013. Ex. G.

In his response to the motion to dismiss, Jackson states that counsel's *Finley* motion was granted and his appeal was denied on November 4, 2013. Doc. 19, p. 7. Because he did not say whether or not he filed a PLA, the Court directed respondent to furnish the Court with that information.

Respondent filed a memorandum at Doc. 26, stating that Jackson filed a PLA on December 12, 2013, which was pending as of the date of the memorandum, January 10, 2014.

## **Applicable Law**

28 U.S.C. §2254(b)(1)(A) prohibits a federal court from granting habeas relief to a person convicted in state court unless the petitioner has exhausted state court remedies. §2254(C) provides that "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999), see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, a petitioner must fully present his claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id*. at 843-846.

## Analysis

Jackson's PLA is still pending. It is clear, therefore, that he has not exhausted his state court remedies. The Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 111 St. Ct. 2546, 2554-2555 (1991).

The exhaustion requirement does not apply where there is there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §2252(b)(1)(B). Neither circumstance is present here. There is, obviously, a state

corrective process still available to petitioner. State remedies may be deemed to be ineffective where there has been "[i]nordinate, unjustifiable delay." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Here, however, there has not been an inordinate delay in the state court proceedings. Jackson suggests that the State Appellate Defender took too long to file her *Finley* motion. However, a delay in state court proceedings that is attributable to petitioner or to his counsel is not "unjustifiable" within the meaning of §2254(b)(1)(B). *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995).

## Conclusion

Because petitioner has not exhausted state court remedies, respondent's motion to dismiss without prejudice (Doc. 16) is **GRANTED**.

Commodore Jackson's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. 5) is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall enter judgment in favor of defendant.

**IT IS SO ORDERED.**

Signed this 11th day of January, 2014.

David R. Herndon
2014.01.11
06:56:51 -06'00'

**Chief Judge**
**United States District Court**